## 10138

### WHITLOCK v. TOWN OF JONESVILLE.

#### (98 S. E. 142.)

MUNICIPAL CORPORATIONS—CHANGE OF STREET—AUTHORITY OF TOWN COUNCIL.—Under Civ. Code 1912, secs. 1932, 2951, the town council had the right to alter a road pursuant to agreement whereby lot owner dedicated a strip of land on the east side of her lot in consideration that old street on west side of lot be abandoned to her.

Before DEVORE, J., Union, Spring term, 1918. Reversed.

Action by Ida E. Whitlock against the Town of Jonesville and others. Demurrer to complaint sustained, and plaintiff appeals.

*Messrs. Sanders & DePass* and *J. C. Otts,* for appellant. *Mr. Otts* submits: *The mayor and aldermen of the town of Jonesville had the right to accept the new street dedicated to the use ·of the public by appellant, and also had the right to change or remove old street, and release appellant's lands from the burden of the easement of the old ·or abandoned street:* Art II, chapter XLIX, Code 1912; Code of S. C. 1912, vol. I, sec. 2994; Code of S. C. 1912, vol. I, sec. 2951; Code S. C., 1912, vol. I, sec. 2902; Code S. C. 1912, vol. I, sec. 1932; Code S. C. 1912, vol. I, sec. 3065; Code S. C. 1912, vol. I, secs. 1932-1933; Code 1912, vol. I, sec. 2496; 106 S. C. 307; 23 S. C. 517. *Did the Court err in holding that the defendants had no jurisdiction to lay off, open, close up and change the location of the street running across plaintiff's lot when it makes such street more useful, or when in their judgment such change would be for the material interest of the traveling public?* Secs. 1932-1933, Code 1912; 106 S. C. 307; vol. I, Code 1912, sec. 2946. *This transaction should be sustained on the ground of estoppel:* (Iowa case) 91 N. W. ·1046. *The complaint states a cause of action of quare*

*clausum fregit, against H. T. Hames, J. W. Lipscomb and C. N. Alexander, as individuals:* 58 S. C. 65. *There seems to be no decisions of this Court involving the power of a municipality to alien or trade the right of way, or even as to the power of county commissioners. We take it such right is plainly statutory and has never been questioned. But if there was no statutory authority it seems that under the common law, as construed by other jurisdiction, that such a municipality clearly has a right to abandon, change, and open new streets, where it seems to be for the best interest of the public:* (Ga.), 73 S. E. 880; (N. J.), 81 Atl. 977; Ala. 138; 68 Cal. 554; 41 Ill. Appl. 74 (34 N. E. 473); 26 Iowa 387; Am. St. Rep. 415; 3 McQuillin Munc. Corp., sec. 1481; 3 McQuillin Munc. Corp., sec. 1400; 3 McQuillin Munc. Corp. 1402. *As to estoppel, see:* 30 C. C. A. 238; 43 (Law Ed.), U. S. 1179. *As to implied powers of town council:* 1 McQuillin Munc. Corp., secs. 354 and 357; 46 Mich. 565-574; 40 N. Y. 273; 19 L. R. A. (N. S.) 183; 65 Pac. 177; 84 Hun. 506; (2 Ed.) Elliott on Roads and Streets 879; 143 Pac. 941; (Ga.), 83 S. W. 236; (Va.), 24 S. E. 830; 84 S. C. 140; 120 Ill. 92; 29 Minn. 41; 73 Mo. 316; 16 N. H. 203.

*Messrs. Wallace & Barron* and *J. A. Sawyer,* for respondents, submit: *There is no power existing in a municipality, or its officers, to sell, alien, or trade its public streets, or thoroughfares; and title to its streets and thoroughfares can not be lost by adverse possession, or abandonment:* 37 S. C. 334; 67 S. C. 525; Dillon on Municipal Corporations, 2d Ed., sec. 528, p. 633. *The title to all the streets is in the State:* Dillon on Municipal Corp., 2d Ed., secs. 518-519; Abbott on Municipal Corporations, vol. II, secs. 799-800; Civil Code, vol. I, secs. 2945 and 3065. *There is no allegation in the complaint that defendants were estopped from asserting their rights to the old street, and such allegation would be necessary in order to recover on the same, nor is*

*there an equitable estoppel alleged:* 81 S. C. 329. *As to adverse possession:* 37 S. C. 334; Dillon on Municipal Corporations, sec. 528. *The town authorities not only have the right to remove obstructions in the public streets, but it is their duty to do so under the statutes:* Civil Code, vol. I, secs. 1946 and 2951.

January 27, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant alleges that she is the owner of a lot of land in the town of Jonesville, through the western portion of which there ran a street of the town; that by agreement with the town council, she dedicated to the city for a street a strip of land on the eastern side of her lot and in consideration thereof the town council, agreed to abandon the old street through the western side of the lot; that in pursuance of said agreement, she turned over to the town the 50 feet on the eastern side, and it was accepted by the town and put in condition to be used as a street; that with full knowledge and consent of the town council she erected fences around her lot and across the ends of the old street and inclosed the same in her lot; that her son gave some offense to the town council, and that in consequence thereof the mayor and aldermen blocked the new street which they had already accepted, and wilfully, unlawfully, and in a high-handed manner tore down her fence across the old road. This action is brought against the town and mayor and aldermen officially and as individuals.

The defendants demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that the town of Jonesville had no power to discontinue the street, and, as the fence obstructed the street, they had a right to remove it. The demurrer was sustained on that ground and this appeal was taken by the plaintiff. There is one exception with several subheads, but really only

one question, as the whole case depends upon the power of Jonesville to discontinue a street.

The complaint asks no damages against the town of Jonesville, but an injunction against interference with plaintiff's possession of the abandoned street.

Section 2951, Code of Laws of South Carolina, vol. I, gives city councils the same rights in the management of its streets as are given to county boards of commissioners.

Section 1932 of said Code gives to the county boards of commissioners the right "to discontinue such roads, bridges and ferries as shall be found useless, and to alter roads so as to make them more useful."

According to the allegations of the complaint, the town council had the right to alter the road. We have been cited to no authority, and we know of none, that requires the alteration to be made by a formal ordinance.

The order appealed from is reversed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.